# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **ETHAN STURGIS DAY,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | **No.  3:25-CV-00723-LS** |
| | § | |
| **CHARISMA EDGE, WARDEN, FCI** | § | |
| **CAMP LA TUNA,** | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Petitioner Ethan Sturgis Day, Federal Prisoner Number 15256-508, challenges his sentence through a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] The Court dismisses his petition.

## I.      BACKGROUND AND PROCEDURAL HISTORY.

Day is a 63-year-old inmate confined at the La Tuna Federal Correctional Institution in Anthony, Texas,[2] which is within this Court's jurisdiction. His projected release date is May 13, 2027.[3] Day organized, led, managed, or supervised "a scam that purported to sell shipping containers converted into housing units. . . . [T]he scammers misrepresented employees' credentials, their affiliations with legitimate businesses, and their past and future construction projects."[4] They "took customers' money and never delivered the container homes."[5]

---

[1] ECF No. 1.

[2] *See Find an Inmate*, Fed. Bureau of Prisons, www.bop.gov/inmateloc (search for Reg. 15256-508) (last visited Jan. 21, 2026).

[3] *Id.*

[4] *United States v. Day*, 117 F.4th 622, 624 (5th Cir. 2024).

[5] *Id.*

A jury convicted Day of wire fraud, conspiracy to commit wire fraud, money laundering, and aiding and abetting in violation of 18 U.S.C. §§ 2, 1343, 1349, and 1957(a). In calculating Day's sentencing range, the probation officer first enhanced his offense level by sixteen under Sentencing Guideline § 2B1.1(b)(1)(I) based on a $2,563,123.72 loss to the victims.[6] The probation officer then recommended an additional six-level enhancement under Sentencing Guideline § 2B1.1(b)(2)(C) for causing substantial financial hardship to twenty-five or more victims.[7] The Court adopted the probation officer's recommendations, sentenced Day to 101 months' confinement, and ordered him to pay $1,556,802.72 in restitution.[8]

On appeal, the Fifth Circuit Court of Appeals determined that the Court erred when it concluded (1) twenty-five or more victims suffered substantial financial hardship because of the scam, and (2) the experience of six victims was sufficient to support an inference of a pattern of substantial financial hardship to twenty-five or more victims.[9] It vacated Day's sentence and remanded his case for resentencing. The Court re-sentenced Day to eighty-four months' confinement followed by three years' supervised release.[10] It also ordered him to pay $1,556,802.72 in restitution.[11] His direct appeal was pending before the Fifth Circuit when he filed his petition.[12]

Day identifies eleven grounds for relief in his habeas petition.[13] First, he asserts the Court erred when it imposed restitution without any supporting evidence. Second, he claims the United

---

[6] Presentence Investigation Report, *United States v. Day*, No. 3:19-cr-01019-LS-2 (W.D. Tex. June 24, 2025), Dkt. No. 472, at ¶ 71.

[7] *Id.* at ¶ 72.

[8] Judgment in a Criminal Case, *United States v. Day*, No. 3:19-cr-01019-LS-2, Dkt. No. 906, at 3, 4, 8; Statement of Reasons, *United States v. Day*, No. 3:19-cr-01019-LS-2, Dkt. No. 907, at 4.

[9] *United States v. Day*, 117 F.4th at 626–27.

[10] Judgment in a Criminal Case, *United States v. Day*, No. 3:19-cr-01019-LS-2, Dkt. No. 967, at 3, 4.

[11] *Id.* at 7.

[12] *See United States v. Day*, No. 25-50534 (5th Cir. 2025).

[13] ECF No. 1, at 2–3.

States withheld "exculpatory information" that it did not have evidence to support the restitution claims. Third, he maintains the Bureau of Prisons cannot lawfully enforce a judgment with an invalid restitution order. Fourth, he argues the Court erred when it failed to conduct a restitution hearing after the Government admitted it had no evidence to support the restitution claims. Fifth, he contends the judgment is invalid because the amount of restitution was never properly adjudicated. Sixth, he claims these cumulative errors cannot support his continued confinement. Seventh, he asserts the Court misapplied the Mandatory Victims Restitution Act. Eighth, he argues the Court impermissibly delegated a core judicial function when it imposed restitution without determining the actual losses and names of the individual victims. Ninth and tenth, he contends the Bureau of Prisons cannot execute the judgment because it violates the Constitution and is therefore void. Finally, he argues that a failure to grant him relief would result in a miscarriage of justice. He asks that the Court order his immediate and unconditional release from prison.

## II.     LEGAL STANDARDS.

"A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration."[14] To prevail, a § 2241 petitioner must show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."[15] Courts accept a petitioner's allegations as true during an initial screening[16] and evaluate a *pro se* petition more leniently than a petition that counsel submitted.[17] Still, the Court must find "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[18]

---

[14] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).
[15] 28 U.S.C. § 2241(c)(3).
[16] *See id.* § 2243; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).
[17] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[18] *Twombly*, 550 U.S. at 556.

After initial screening, a court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."[19]

## III.    ANALYSIS.

Day does not challenge "the manner in which his sentence is carried out or the prison authorities' determination of its duration."[20] Instead, he challenges his sentence by claiming various errors related to the restitution order in the final judgment.[21]

A federal prisoner who wants to challenge his sentence must generally seek relief through a 28 U.S.C. § 2255 motion.[22] He may raise his claims in a 28 U.S.C. § 2241 petition only if they fall within the "savings clause" of § 2255(e):

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*[23]

"Traditionally, courts have treated the saving clause as covering unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court."[24] Additionally, a § 2255 motion is adequate unless the petitioner relies on "'newly discovered evidence' or 'a new rule of constitutional law.'"[25] "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition

---

[19] 28 U.S.C. § 2243.
[20] *Pack*, 218 F.3d at 451.
[21] ECF No. 1, at 2–3.
[22] *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).
[23] 28 U.S.C. § 2255(e) (emphasis added).
[24] *Jones v. Hendrix*, 599 U.S. 465, 474 (2023).
[25] *Id*. at 469 (citations omitted) (quoting 28 U.S.C. § 2255(h)).

under the savings clause. It means that he cannot bring it at all."[26] Finally, when a § 2241 petitioner cannot satisfy the savings clause requirements, the proper disposition is dismissal of the petition for lack of jurisdiction.[27]

Because Day's direct appeal remains pending, he cannot show that the remedy under § 2255 is inadequate or ineffective.[28] Indeed, Day "cannot collaterally attack his conviction until it has been affirmed on direct appeal."[29] The fact that Day must wait until after his appeal to file a § 2255 motion does not make the savings clause applicable to him.[30] Furthermore, habeas corpus review exists solely "to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose."[31] "Simply stated, habeas is not available to review questions unrelated to the cause of detention."[32]

Since Day's "challenge to the restitution portion of his sentence raises a nonconstitutional issue that could [be] raised on direct appeal," he may not raise it for the first time in a habeas proceeding.[33] Further, a monetary penalty is not a sufficient restraint on liberty for a petitioner to be "in custody" under § 2255 or § 2241.[34] Accordingly, the Court lacks jurisdiction to modify the restitution order under § 2255, a writ of *coram nobis*, or "any other federal law."[35]

---

[26] *Id*. at 480.

[27] *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003).

[28] *See Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (holding that a § 2255 motion is "not entitled to consideration on the merits" when the direct appeal remains pending); s*ee also United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) ("[W]e hold that a district court's delay in considering a section 2255 motion until direct appeals are resolved does not make the section 2255 motion inadequate or ineffective and therefore does not entitle the defendant prematurely to pursue a section 2241 habeas petition.").

[29] *United States v. Bernegger*, 661 F.3d 232, 241 (5th Cir. 2011) (citing *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988)).

[30] *See Pirro*, 104 F.3d at 298–300.

[31] *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).

[32] *Id*. at 935.

[33] *United States v. Hatten*, 167 F.3d 884, 887 n.5 (5th Cir. 1999).

[34] *Id.* at 887.

[35] *Id.* at 886, 887 n.6.

**IV.    CONCLUSION.**

Day cannot demonstrate that a § 2255 motion is inadequate or ineffective to test his sentence's legality, and it plainly appears from Day's petition that he is not entitled to relief under the "savings clause" of § 2255(e). The Court, therefore, does not have jurisdiction over his claims. The Court **DISMISSES** the petition [ECF No. 1] without prejudice. To the extent Day's petition is a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, he is **DENIED** a certificate of appealability.

**SO ORDERED**.

**SIGNED** and **ENTERED** on January 22, 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**